| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ALLEN SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF ALLEN ) | | CAUSE NO._____ |

4 LIFE INVESTMENTS, INC.,            )
JM REALTY ASSOCIATES, INC.,          )
and MIDWEST PROPERTY                 )
MANAGEMENT, LLC,                     )
                                     )
      Plaintiffs,              )
                                     )
   v.                              )
                                     )
AUTO-OWNERS INSURANCE,               )
                                     )
      Defendant.               )

# COMPLAINT

COMES NOW the Plaintiff, by counsel, and alleges against the Defendant as follows:

1. The Plaintiffs are 4 Life Investments, Inc., JM Realty Associates Inc. ("JM Realty"), and Midwest Property Management, LLC (Midwest Property"), companies operating in Fort Wayne Indiana at all material times to this Complaint.   Plaintiffs are in the business of purchasing, renting and selling residential and commercial properties in the Allen County, Fort Wayne Indiana and surrounding area.   They are owned by Jerry Starks.

2. The Defendant is Auto-Owners Insurance ("Auto-Owners").   At material times to this Complaint, the Defendants contracted with the Plaintiffs to provide them commercial property insurance coverage, Policy No. 144602-09956020 on a property located at located at 7330 Blackhawk Lane, Fort Wayne, IN 46815.

3. During the period of 2015 through present, the Plaintiff 4 Life Investments owned a single family dwelling located at 7330 Blackhawk Lane, Fort Wayne, IN 46815 ("Blackhawk Lane property").   JM Realty and Midwest Property obtained insurance

EXHIBIT B

coverage for the Blackhawk Lane property with the Defendant in 2015, which was renewed in 2016. The effective dates of the policy included coverage for damages and losses occurring during the period of August 7, 2017 – August 7, 2016.

4. During the period of August 31, 2015 through July 6, 2016, work was performed on the Blackhawk Lane property. On or about May 22, 2016 the first of two fires occurred at the house. Within 30 days of this, the Plaintiffs' owner (Jerry Starks) retained a contractor to perform repairs needed as a result of the fire damage, and to rehabilitate the property. An architectural report was also obtained and submitted for approval of repairs.

5. Repair work related to the May 22, 2016 fire was started but not yet completed when a second fire occurred at the property on July 6, 2016. This second fire occurred prior to the Defendant making any payments of what it owed under the Plaintiffs' policy for the damage from the May fire. Following the second fire, further clean up/ demolition work also eventually began on the property. Both fires involved damages and losses covered by the Defendants' insurance policy on the Plaintiffs' property.

6. Per the policy the Plaintiffs obtained on the Blackhawk Lane property, the Defendant was liable to pay up to $185,000.00 plus up to $25,000.00 for demolition and debris removal, relating to Plaintiffs' loss on the property from the fires, which included but was not necessarily limited to compensable losses from the decrease in value of the house, past and future out of pocket costs relating to demolition work and debris removal, and other costs for repair work to the property.

7. Under the Plaintiffs' policy, in some circumstances a 15% vacancy penalty could be deducted from the total amount owed by the Defendant on the insureds' claim of losses.

The penalty however was not applicable to the Plaintiffs claim for the Blackhawk Lane property's losses.

8. Following the Plaintiffs' submission of their claim of loss to the Defendant.   The Defendant initially delayed payment for a portion of the covered damages, thereby impeding Plaintiffs' ability to quickly complete all of the necessary repairs to the property after each fire.   Eventually, the Defendant paid out approximately $120,000.00 for many of the covered losses Plaintiffs sustained at the Blackhawk Lane property.   The Defendant however failed to pay the remainder owed to the Plaintiffs under the policy, and also inappropriately imposed a vacancy penalty against the Plaintiffs' claim.

9. Plaintiffs allege that an additional $83,784.00 is owed to them by the Defendant to address covered losses covered by the insureds' policy, including the loss of value to the Blackhawk Lane property, demolition and debris removal, and losses so far going uncompensated due to the unjustifiably applied vacancy penalty.   The failure of Defendant to pay the full amount owed under the policy was in spite of information and documentation provided to the Defendant by and on behalf of the Plaintiff demonstrating the compensable loss of value to the Blackhawk Lane property, compensable demolition and/or debris removal that had and/or would be performed on the property; information and /or documentation also was submitted to the Defendant demonstrating the inapplicability of a vacancy penalty against the Plaintiffs' claim for the Blackhawk Lane property.

10. Plaintiffs contend that the Defendant breached its contract with them by failing to pay for all of the damages they suffered from the Blackhawk Lane fires, that were compensable

to the Plaintiffs' and owed by the Defendants to the Plaintiffs under their insurance policy.

11. Plaintiffs also contend that the Defendant breached its duty to deal with insureds in good faith, by the Defendant's refusal to pay the remaining compensation owed to Plaintiffs under the insurance policy, without foundation and after Defendant knew full payment under the policy was appropriate.   The Defendant's delay in the initial partial payment under the policy, was by information and belief intended to act to impede the Plaintiffs' in their efforts to timely complete repairs to the Blackhawk Lane property after each fire so as to avoid a vacancy penalty; in addition the delay in the payment of remaining the amount still owed on the Plaintiffs' claim, and refusal to pay the full amount of owed, by information and belief, was an effort to pressure the Plaintiffs to abandon pursuit of the full amount owed to them under the insurance policy, and was intended to deceive and mislead the Plaintiffs into believing they did not qualify for payment of the full amount owed to them by the Defendant under their insurance policy.

12. The Plaintiffs contend also that the Defendant acted in bad faith in refusing to pay the full amount owed to Plaintiffs under the insurance policy, that the Defendant knew there was no legitimate basis for denying full payment up to the policy limits, yet Defendant still refuses to pay the full amount owed.

13. The Defendant's complained of breach of contract, and acts and omission that breached their duty to act in good faith, and constituted bad faith, were intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiffs' rights under their insurance policy with the Defendant and under the laws and public policies of the state of Indiana.

The complained of conduct of the Defendant furthermore was the direct and proximate cause of the Plaintiffs incurring uncompensated out of pocket costs from compensable work performed at the Blackhawk Lane property, the loss of use of the property, loss of value to the property, and the Plaintiffs' loss of the benefits of the bargain they entered into when they obtained their insurance policy from the Defendant for the Blackhawk Lane property.

WHEREFORE, Plaintiffs, and each of them, respectfully request judgment against the Defendant, for compensatory damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

### JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Ilene M. Smith
Christopher C. Myers, # 10043-02
Ilene M. Smith, # 22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
Attorneys for Plaintiffs